SHORT RECORD
NO. 20-1891
FILED 05/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALFRED BOURGEOIS, | § | **CAPITAL CASE** |
| Petitioner, | § | |
| v. | § | No. 2:19-cv-00392-JMS-DLP |
| | § | |
| SUPERINTENDENT, | § | |
| USP—Terre Haute, | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondents. | § | |

## NOTICE OF APPEAL

Notice is hereby given that the Respondent in the above-named case hereby appeals pursuant to 28 U.S.C. § 1292(a)(1) to the United States Court of Appeals for the Seventh Circuit from the orders entered by this Court on March 10, 2020, staying Petitioner's execution, Dkt. 18 and 19, and from the order entered on May 27, 2020, denying Respondent's Motion to Reconsider the Order Staying Execution and Respondent's Motion for Leave to File a Surreply, Dkt. 20, 22, and 29.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Paula C. Offenhauser
PAULA C. OFFENHAUSER
Special Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9102
E-mail:  Paula.Offenhauser@usdoj.gov

By:   s/ Brian Reitz
      BRIAN REITZ
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      E-mail: Brian.Reitz@usdoj.gov

      *Attorneys for Respondent*

2

# CERTIFICATE OF SERVICE

I certify that on May 28, 2020, a copy of the foregoing Notice of Appeal

was filed electronically.   Service of this filing will be made on the following

ECF-registered counsel by operation of the court's electronic filing system:

Victor J. Abreu
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Victor_Abreu@fd.org

Katherine Thompson
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Katherine_Thompson@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Pete_Williams@fd.org


                                        s/ Paula C. Offenhauser
                                        PAULA C. OFFENHAUSER
                                        Special Assistant United States Attorney
                                        E-mail:  Paula.Offenhauser@usdog.gov

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ALFRED BOURGEOIS,                    )
                                     )
              Petitioner,            )
                                     )
      v.                             )        No. 2:19-cv-00392-JMS-DLP
                                     )
WARDEN, et al.                       )
                                     )
              Respondents.           )

**Order Staying Execution of Alfred Bourgeois**

Petitioner Alfred Bourgeois is a federal prisoner incarcerated at the United States Penitentiary in Terre Haute, Indiana. He was convicted and sentenced to death in the United States District Court for the Southern District of Texas. His conviction and sentence were affirmed on direct appeal, and his post-conviction motion for relief pursuant to 28 U.S.C. § 2255 was denied by the Southern District of Texas.

Mr. Bourgeois now seeks a writ of habeas corpus from this Court pursuant to 28 U.S.C. § 2241. He argues that he is intellectually disabled[1] and thus the Eighth Amendment and the Federal Death Penalty Act ("FDPA") both forbid his execution. In *Atkins v. Virginia*, the Supreme Court held that the Eighth Amendment forbids executing an individual who is intellectually disabled. 536 U.S. 304, 321 (2002). Similarly, the FDPA states that a "sentence of death shall not be carried out" upon a person who is intellectually disabled. 18 U.S.C. § 3596(c).

---

[1] The Court uses the term "intellectual disability" rather than the previously used term, "mental retardation." *See Hall v. Florida*, 572 U.S. 701, 704 (2014).

Presently pending is Mr. Bourgeois's motion to stay his execution until this habeas action is resolved. To be entitled to a stay, Mr. Bourgeois must make a strong showing that his claims have merit and show that the equitable factors weigh in his favor.

Mr. Bourgeois has established that the equitable factors all favor granting a stay. As to the merits of Mr. Bourgeois's claims, the Court does not discuss his *Atkins* claim because Mr. Bourgeois is entitled to a stay based on his FDPA claim alone. Respondent wholly failed to address Mr. Bourgeois's FDPA claim, thereby waiving any argument that Mr. Bourgeois's FDPA claim cannot proceed in this § 2241 action. And Mr. Bourgeois has made a strong showing that he is intellectually disabled and thus the FDPA forbids his execution.

For these reasons, Mr. Bourgeois's motion to stay his execution pending resolution of this action is **granted**.

## I.
## Background

**A.      Procedural History**

The factual background regarding Mr. Bourgeois's crimes can be found in the Fifth Circuit's opinion affirming his conviction and sentence on direct appeal. *See United States v. Bourgeois*, 423 F.3d 501, 502-06 (5th Cir. 2005) ("*Bourgeois I*"). The underlying facts are irrelevant to resolving Mr. Bourgeois's motion to stay, so they will not be detailed here. Instead, the Court briefly sets forth the procedural history of Mr. Bourgeois's conviction, sentence, and subsequent post-conviction challenges.

On July 25, 2002, a Grand Jury in the Southern District of Texas returned a two-count indictment against Mr. Bourgeois stemming from the abuse and murder of his two-year-old daughter. *See United States v. Bourgeois*, No 2:02-cr-216 (S.D. Tex.), Dkts. 1, 5. The second superseding indictment charged Mr. Bourgeois with a single count of premeditated murder, and

the United States then filed a notice of intent to seek the death penalty.  *See id.*, Dkt. 78.

Mr. Bourgeois pleaded not guilty.

A jury found Mr. Bourgeois guilty of premeditated murder.  A separate penalty phase

followed.  The jury unanimously recommended that Mr. Bourgeois be sentenced to death.

Judgment was entered on March 25, 2004, sentencing Mr. Bourgeois to death.  *See id.*, Dkt. 303.

Mr. Bourgeois appealed his conviction and death sentence to the Fifth Circuit.  *Bourgeois I*, 423

F.3d at 502.  The Fifth Circuit rejected all of his claims and affirmed his conviction and death

sentence.  *Id.* at 512.

Mr. Bourgeois next filed a motion to vacate pursuant to § 2255 in the Southern District of

Texas.  *See United States v. Bourgeois*, 2011 WL 1930684 (S.D. Tex. May 19, 2011).  The

Southern District of Texas held a week-long evidentiary hearing, after which it rejected his claims.

*Id.* at *19-20.  Two of his claims were the same he raises here—that both the FDPA and the Eighth

Amendment under *Atkins* bar his execution because he is intellectually disabled.  *Id.* at *22.  The

Southern District of Texas rejected his claims, concluding that Mr. Bourgeois did not establish by

a preponderance of the evidence that he was intellectually disabled.  *Id.* at *46.  It also denied a

certificate of appealability on all of Mr. Bourgeois's claims.  *Id.* at *111.

Mr. Bourgeois filed a notice of appeal and sought a certificate of appealability from the

Fifth Circuit.[2]   *United States v. Bourgeois*, 537 Fed. Appx. 604, 610 (5th Cir. 2013)

("*Bourgeois II*").  On August 5, 2013, the Fifth Circuit denied Mr. Bourgeois's request for a

certificate of appealability.  *Id.* at 665.

In 2017, the Supreme Court developed the legal standard governing *Atkins* claims when it

decided *Moore v. Texas*, 137 S. Ct. 1039 (2017) ("*Moore I*").  Following *Moore I*, Mr. Bourgeois

---

[2] Mr. Bourgeois did not seek a certificate of appealability on the resolution of his *Atkins* claim.  *Bourgeois II*, 537 Fed. Appx. at 610 n.17.

asked the Fifth Circuit to authorize a second or successive § 2255 as required by § 2255(h). *See In re Bourgeois*, 902 F.3d 446 (5th Cir. 2018) ("*Bourgeois III*"). On August 23, 2018, the Fifth Circuit denied Mr. Bourgeois authorization to re-litigate his *Atkins* claim in a second or successive § 2255 proceeding citing the re-litigation bar found in 28 U.S.C. § 2244(b). *Id.* at 448.

**B.    Mr. Bourgeois's Execution Was Scheduled and then Stayed**

On July 25, 2019, the Department of Justice set Mr. Bourgeois's execution date for January 13, 2020. He filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on August 15, 2019, and he filed a motion to stay his execution pending resolution of this action on the same date. The motion to stay remains pending because Mr. Bourgeois's execution was stayed by the United States District Court for the District of Columbia prior to his scheduled execution. *See In re In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00145-TSC (D.D.C.), Dkt. 51 (the "Execution Protocol Litigation"). The United States appealed the stay entered in the Execution Protocol Litigation, and the appeal is pending before the United States Court of Appeals for the D.C. Circuit. *See In re In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-5322 (D.C. Cir.).

**II.**
**Discussion**

Mr. Bourgeois's motion to stay his execution pending resolution of this action requires him to establish certain factors. *See Lee v. Watson*, 2019 WL 6718924, *1 (7th Cir. Dec. 6, 2019). The Court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors . . . are the most critical." *Id.*

Before entering a stay, the Court must also consider "the extent to which the inmate has delayed unnecessarily in bringing the claim," *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004), because "someone who waits years before seeking a writ of habeas corpus cannot, by the very act of delay, justify postponement of the execution," *Lee*, 2019 WL 6718924, at \*2.

## A.   Mr. Bourgeois Has Made a Strong Showing That He is Likely to Succeed on the Merits of His FDPA Claim

The Court must address two issues to determine the strength of Mr. Bourgeois's FDPA claim.[3]   First, the Court must determine the likelihood that Mr. Bourgeois's FDPA claim is properly brought in a § 2241 action.  If it is, the Court must next determine whether Mr. Bourgeois has made a strong showing that he is intellectually disabled and thus his execution is prohibited by the FDPA.  The Court will address each issue in turn.

### 1.   Respondent Has Waived Any Contention That Mr. Bourgeois's FDPA Claim Cannot Proceed in this § 2241 Action

As noted above, Mr. Bourgeois raises two legal claims that rely on the same legal theory. He argues that both the Eighth Amendment, as established in *Atkins*, and the FDPA preclude his execution because he is intellectually disabled.  Mr. Bourgeois specifically argues both in his habeas petition and in his motion to stay that his FDPA claim can proceed under § 2241.  *See* Filing No. 1 at 7, 14, 76; Filing No. 3 at 9.

Respondent's combined response to Mr. Bourgeois's petition and motion to stay argues at length that Mr. Bourgeois's *Atkins* claim does not meet the Savings Clause and thus cannot proceed in a § 2241 action.  *See* Filing No. 10 at 45-86.  But Respondent fails to even mention Mr. Bourgeois's FDPA claim, let alone explain why it cannot be brought in a § 2241.  *See* Filing

---

[3] As noted above, the Court need not reach Mr. Bourgeois's *Atkins* claim because he is entitled to a stay based on his FDPA claim alone.

No. 10.  Respondent's failure to address Mr. Bourgeois's FDPA claim is both inexplicable and inexcusable, not only because of the stakes of this litigation, but also because there is no binding legal authority regarding whether FDPA claims can proceed in a § 2241 action.  The Court may have benefitted from a response from Respondent, but that opportunity has now been lost.

The failure to respond to an argument can result in waiver.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).  Although subject-matter jurisdiction cannot be waived, *see Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009), the Seventh Circuit has held that "[s]ections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause," *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).  *See Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (holding that dismissals based on the Savings Clause are not jurisdictional and thus are with prejudice).  This has permitted, for example, the Seventh Circuit to conclude that the United States can concede an underlying legal issue that would allow a claim to proceed in a § 2241 without the Court having to decide the legal issue.  *See Chazen v. Marske*, 938 F.3d 851, 863 (7th Cir. 2019).  It is thus clear that Respondent can waive the legal issue of whether a claim can be brought in a § 2241 petition.

The Court finds waiver appropriate here for the reasons stated above.  Moreover, Mr. Bourgeois's reply highlighted Respondent's failure to address the FDPA claim.  *See* Filing No. 11 at 46-47.  Nevertheless, Respondent failed to seek leave to file a surreply addressing the claim.  This leads the Court to infer that Respondent's failure to address the claim was more intentional than inadvertent.  Accordingly, the Court deems any argument that Mr. Bourgeois's FDPA claim cannot proceed under § 2241 waived.

> **2.      Mr. Bourgeois Has Made a Strong Showing That He is Intellectually Disabled and Thus the FDPA Forbids His Execution**

The FDPA states that a "sentence of death shall not be carried out" upon a person who is intellectually disabled.  18 U.S.C. § 3596(c).  The Supreme Court in *Atkins* held that the Eighth

Amendment also forbids the execution someone who is intellectually disabled.  536 U.S. at 321. The only apparent difference between an *Atkins* claim and an FDPA claim is the legal source—the Constitution and a statute, respectively.  *See Webster*, 784 F.3d at 1139 n.6 (suggesting that the primary difference between an *Atkins* and an FDPA claim is the source of the right); *id.* at 1150 (Easterbrook, J., dissenting) (stating that *Atkins* did "not alter the substantive standard" of § 3596(c), it simply held that "the rule of § 3596(c) is part of the Constitution as well as the United States Code").  The parties do not argue that the substantive analyses required by the claims are different, so the Court will apply the standards governing an *Atkins* claim to Mr. Bourgeois's FDPA claim.[4]

In *Hall*, the Supreme Court held that "[t]he legal determination of intellectual disability is distinct from a medical diagnosis, but it is informed by the medical community's diagnostic framework."  572 U.S. at 722.  The medical community's framework consists of analyzing three criteria: "(1) intellectual-functioning deficits (indicated by an IQ score 'approximately two standard deviations below the mean'—i.e., a score of roughly 70—adjusted for 'the standard error of measurement'"); (2) adaptive deficits ('the inability to learn basic skills and adjust behavior to changing circumstances'); and (3) the onset of these deficits while still a minor."[5]  *Moore I*, 137

---

[4] To be clear, this means the Court will apply subsequent Supreme Court cases interpreting *Atkins*, including *Moore I*.  Although the parties dispute whether *Moore I* is retroactive, the Court need not answer this question.  When, as here, a claim can be brought via § 2241, the Court applies current law.  *See Webster v. Lockett*, 2019 WL 2514833, *3 (S.D. Ind. June 18, 2019) (applying *Moore I* to an *Atkins* claim proceeding in a § 2241 action).

[5] The Supreme Court in *Moore I* clarified certain aspects of its holding in *Hall*.  Relevant here, the Supreme Court held that in making the intellectual-disability determination courts were required to use "[t]he medical community's current standards," and then it discussed several ways in which the Texas Court of Criminal Appeals' assessment ran contrary to these standards.  *Moore*, 137 S. Ct. at 1052-53.  Mr. Bourgeois maintains that this Court's analysis of whether he is intellectually disabled will be different than the Southern District of Texas's because it considered certain factors in denying his *Atkins* claim that the Supreme Court deemed impermissible in *Moore I*.  *See* Filing

S. Ct. at 1045. These criteria are drawn from the most recent editions of the *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-5") and the *American Association on Intellectual and Developmental Disabilities publication, AAIDD, Intellectual Disability: Definition, Classification, and Systems of Supports* (11th ed. 2010) ("AAIDD-11"). *See Moore I*, 137 S. Ct. at1045 (relying on the DSM-5 and AAIDD-11).

Mr. Bourgeois has made a strong showing that he meets all three criteria. First, he presents evidence that two IQ tests resulted in appropriately adjusted IQ scores of 68 (a Flynn-corrected score) and 70 (before Flynn correction).[6] Filing No. 1-4 at 36; Filing No. 1-1 at 45. There is thus a strong likelihood that Mr. Bourgeois meets the first criteria. *See Moore I*, 137 S. Ct. at 1045.

Second, Mr. Bourgeois presents strong evidence of adaptive deficits. The DSM-5 states that this criteria "is met when at least one domain of adaptive functioning—conceptual, social, or practical—is sufficiently impaired that ongoing support is needed in order for the person to perform adequately in one or more life settings at school, at work, at home, or in the community." Filing No. 1-1 at 84. Importantly, "the medical community focuses the adaptive-functioning inquiry on adaptive *deficits*," not adaptive strengths. *Moore I*, 137 S. Ct. at 1050; *see id.* (noting the AAIDD-11 states that "'significant limitations in conceptual, social, or practical adaptive skills [are] not outweighed by the potential strengths in some adaptive skills'" and the DSM-5 states that this inquiry "should focus on '[d]eficits in adaptive functioning'").

---

No. 1 at 59-71. While this may be relevant for the Savings Clause analysis of Mr. Bourgeois's *Atkins* claim, the Southern District of Texas's analysis is irrelevant when assessing the merit of Mr. Bourgeois's FDPA claim, as this Court decides the claim anew without any deference to the Southern District of Texas's decision. *See Webster*, 2019 WL 2514833, at *5-11.

[6] The Flynn Effect describes research that "has shown that [IQ] scores will tend to become inflated as times goes on when you're using an old test," so there are "formulas [that] have been developed to . . . give you an idea of how much the test score will be inflated or over represent . . . the person's ability." Filing No. 1-4 at 36.

"In determining the significance of adaptive deficits, clinicians look to whether an individual's adaptive performance falls two or more standard deviations below the mean in any of the three adaptive skill sets (conceptual, social, and practical)." *Moore*, 137 S. Ct. at 1046. Mr. Bourgeois presents compelling evidence that his adaptive performance falls more than two standard deviations below the mean—that is, he scores below 70—in all three adaptive skill sets. *See* Filing No. 1 at 25-42 (collecting evidence). For example, adaptive-functioning tests produced scores of 69 in communication, 66 in daily living skills, and 66 in socialization. Filing No. 1-1 at 6. These scores "also corroborate what . . . other psychologists . . . learned through interviews and affidavits of Mr. Bourgeois' relatives and neighbors." Filing No. 1-1 at 6. Given that Mr. Bourgeois must demonstrate "deficits in only one of the three adaptive-skills domains" to establish that he is intellectually disabled, *Moore I*, 137 S. Ct. at 1050, he has made a strong showing that he meets this factor.

Third, Mr. Bourgeois has made a strong showing that the onset of his deficits occurred when he was a minor. Among other evidence, Dr. Victoria Swanson attested that "it is absolutely clear that the onset of Mr. Bourgeois' deficiencies in both his intellectual and adaptive functioning began before age 18 and continued into adulthood." Filing No. 1-1 at 11.

In sum, Mr. Bourgeois has made a strong showing that he is intellectually disabled and thus the FDPA bars his execution. To be clear, the Court has not conclusively determined that Mr. Bourgeois is intellectually disabled, only that he has made the strong showing necessary to warrant a stay of his execution pending resolution of this issue. The Court can only determine whether Mr. Bourgeois is intellectually disabled following a hearing on the question.

**B.      Mr. Bourgeois Faces Irreparable Injury Absent a Stay**

Mr. Bourgeois maintains that he will suffer irreparable harm absent a stay because he could be executed without a court ever deciding whether he is intellectually disabled under the standards set forth in *Moore I*.  Filing No. 3 at 9-10.  Respondent does not address irreparable injury, likely because "irreparable harm is taken as established in a capital case."  *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995); *see id.* ("There can be no doubt that a defendant facing the death penalty at the hands of the state faces irreparable injury.").  Accordingly, Mr. Bourgeois has established irreparable injury.

**C.      The Issuance of a Stay Will Not Substantially Injure Respondent and the Public Interest Favors Ensuring Mr. Bourgeois's Execution is Lawful**

Respondent maintains that staying Mr. Bourgeois's execution will undermine its strong interest in enforcing the judgment and that it is in the public interest to allow his execution to proceed.  Filing No. 10 at 106-07.  Mr. Bourgeois responds that because there is no "'penological purpose'" in executing someone who is intellectually disabled, Respondent will not be injured by a stay of execution.  Filing No. 3 at 11 (quoting *Hall*, 134 S. Ct. at 1992).  Further, Mr. Bourgeois argues that the United States has delayed setting any executions for fifteen years, thus it cannot now argue that additional delay will harm its interests.  Filing No. 3 at 11.

Respondent is correct that, as a general matter, the United States has a "strong interest" in "proceeding with its judgment."  *Lambert*, 498 F.3d at 452; *see Hill v. McDonough*, 547 U.S. 573, 584 (2006); *Gomez v. U.S. Dist. Court for Northern Dist. of California*, 503 U.S. 653, 654 (1992).  But measuring the strength of that interest here shows that it is necessarily diminished by the United States' own delays in setting Mr. Bourgeois's execution.

As detailed above, Mr. Bourgeois's § 2255 proceedings concluded in the Fifth Circuit on August 5, 2013. *See Bourgeois II*, 537 Fed. Appx. 604.  Yet the United States did not schedule his

execution for nearly six years, and had not set any executions for fifteen years. Indeed, the United States did not even have an execution protocol for eight years (from 2011 until 2019). *See In re the Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00145-TSC, Dkt. 50 at 14. If the United States' interest in proceeding with its judgment was as strong as Respondent suggests, it would not have waited several years before setting Mr. Bourgeois's execution date. Thus, the United States' own delay in scheduling Mr. Bourgeois's execution shows that its interest in enforcing its judgment is not as strong as it suggests.

Because the United States' asserted interest in enforcing its judgment is diminished in this case, this harm does not outweigh Mr. Bourgeois's strong interest in not facing execution when the FDPA may forbid it. Moreover, because Mr. Bourgeois has made a strong showing that he will succeed on the merits of his FDPA claim, the public interest favors ensuring that he is not unlawfully executed.

**D.      Mr. Bourgeois Has Not Unnecessarily Delayed Bringing His Claims**

The Court cannot stay an execution before considering "the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson*, 541 U.S. at 649-50. Mr. Bourgeois maintains that he has diligently pursued his claims following the Supreme Court's decision in *Moore I*. Filing No. 3 at 10. Respondent does address this question at all, let alone suggest that Mr. Bourgeois has not diligently pursued these claims. Filing No. 10 at 104-07.

The Supreme Court decided *Moore I* on March 28, 2017. Exactly a year later on March 28, 2018, Mr. Bourgeois sought authorization from the Fifth Circuit to file a second or successive § 2255 motion raising the claims he raises here. *See In re Bourgeois*, No. 18-40270 (5th Cir.). The Fifth Circuit denied Mr. Bourgeois authorization on August 23, 2018, and issued a revised opinion on September 24, 2018. *Bourgeois III*, 902 F.3d at 448. The Department of Justice set

Mr. Bourgeois's execution date on July 25, 2019, and Mr. Bourgeois filed this action three weeks later on August 15, 2019.

The foregoing timeline shows that Mr. Bourgeois has not unnecessarily delayed bringing his claims. After *Moore I*, he sought to bring his claims via § 2255 within a year. Once that avenue was foreclosed, Mr. Bourgeois sought to bring his claims here via § 2241 less than a year later. Thus, this is not a case where an inmate waited several years to bring his claims. *See, e.g.*, *Dunn v. Price*, 139 S. Ct. 1312 (2019); *Lee*, 2019 WL 6718924, at *2.

## III.
## Conclusion

Mr. Bourgeois has established the factors necessary to obtain a stay of his execution pending resolution of this habeas action. Accordingly, Mr. Bourgeois's execution is **stayed** until further order of this Court. A separate order staying Mr. Bourgeois's execution shall also issue. Respondent and Respondent's counsel are responsible for ensuring that all actors who would have any involvement in Mr. Bourgeois's execution comply with the stay issued on this date, including the Warden of the United States Penitentiary in Terre Haute, Indiana, and the United States Marshal for this District.

The Court must hold a hearing on the merits of Mr. Bourgeois's claims to determine whether they are ultimately meritorious. The hearing will be set by separate order.

**IT IS SO ORDERED.**

Date: 3/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Victor Abreu
Federal Community Defender Office
victor_abreu@fd.org

Paula Camille Offenhauser
OFFICE OF THE UNITED STATES ATTORNEY
paula.offenhauser@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Katherine Thompson
Federal Community Defender Office
katherine_thompson@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ALFRED BOURGEOIS,                         )
                                          )
                        Petitioner,       )
                                          )
            v.                            )     No. 2:19-cv-00392-JMS-DLP
                                          )
WARDEN, et al.                            )
                                          )
                        Respondents.      )

**Order Staying Execution of Alfred Bourgeois**

The Court concluded in an order issued on this date that Petitioner Alfred Bourgeois has

demonstrated that he is entitled to a stay of his execution. Alfred Bourgeois's execution is

therefore **stayed**. The Warden of the United States Penitentiary in Terre Haute, Indiana and the

United States of America are prohibited from executing Alfred Bourgeois unless and until the

Court lifts the stay of execution.

        **IT IS SO ORDERED.**


        Date: 3/10/2020

                                          Hon. Jane Magnus-Stinson, Chief Judge
                                          United States District Court
Distribution:                             Southern District of Indiana

Victor Abreu
Federal Community Defender Office
victor_abreu@fd.org

Paula Camille Offenhauser
OFFICE OF THE UNITED STATES ATTORNEY
paula.offenhauser@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Katherine Thompson
Federal Community Defender Office
katherine_thompson@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALFRED BOURGEOIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00392-JMS-DLP |
| | ) | |
| WARDEN, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Respondent's Motion to Reconsider and
Denying Respondent's Motion for Leave to File Surreply**

Petitioner Alfred Bourgeois filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus alleging that the Eighth Amendment and the Federal Death Penalty Act ("FDPA") both forbid his execution because he is intellectually disabled. On March 10, 2020, the Court granted a stay of Mr. Bourgeois's execution based, in part, on a finding that his FDPA claim has a strong likelihood of success. One basis for this finding was Respondent's waiver of any argument that 28 U.S.C. § 2255(e) bars the FDPA claim.

On March 23, 2020, Respondent filed a motion to reconsider the Court's order granting a stay of execution and a motion for leave to file a surreply to Mr. Bourgeois's motion to stay. The Court construes Respondent's motion to reconsider as a Rule 59(e) motion to alter or amend judgment. *See Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019) (timely motion to reconsider a judgment should be construed as Rule 59(e) motion, even if motion does not expressly rely on Rule 59(e)); Fed. R. Civ. P. 54(a) (defining "judgment" to include "any order from which an appeal lies").

To obtain relief under Rule 59(e), a movant must show "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."

1

*Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). The rule does not provide an opportunity "for a party to undo its own procedural failures . . . or advance arguments that could and should have been presented to the district court prior to judgment." *Barrington Music Products, Inc. v. Music & Arts Center*, 924 F.3d 966, 968 (7th Cir. 2019) (cleaned up).

Respondent raises three primary arguments in support of the motion to reconsider: (1) the Court cannot enforce a waiver of § 2255(e); (2) Respondent did not waive § 2255(e) as to the FDPA claim; and (3) Respondent did not waive *Teague* and "abuse of the writ" arguments as to the FDPA claim. The Court will address each of Respondent's claims of error in turn.

### A.  The Court May Enforce a Waiver of § 2255(e).

Respondent argues that "parties cannot waive the correct application of the law" and that the Court therefore should have addressed whether § 2255(e) bars Mr. Bourgeois's FDPA claim. Dkt. 20 at 10−12. Respondent cites out-of-circuit cases to support this proposition while ignoring contrary Seventh Circuit precedent. *See*, *e.g.*, *Chazen v. Marske*, 938 F.3d 851, 863 (7th Cir. 2019) (accepting government's concession of legal issue that allowed petitioner to raise claim in § 2241 petition); *Hicks v. Stancil*, 642 F. App'x 620, 621 (7th Cir. 2016) ("We need not decide whether [the petitioner] meets [§ 2255(e)'s] exception because the government waives its defense that he does not, and its waiver allows us to decide the petition . . . ."); *Brown v. Rios*, 696 F.3d 638, 640−41 (7th Cir. 2012) (accepting government's concession that § 2255(e) did not bar § 2241 petition); *cf. Gonzalez v. Thaler*, 565 U.S. 134, 146−48 (2012) (by failing to raise timely objection, state waived argument that appeal should be dismissed for improper certificate of appealability in violation of 28 U.S.C. § 2253(c)). Respondent does not distinguish these cases or point to any contrary controlling precedent. Respondent therefore has failed to show manifest error in the Court's conclusion that 28 U.S.C. § 2255(e) may be waived in a particular case.

2

### B. Respondent Waived § 2255(e) As to Mr. Bourgeois's FDPA Claim.

Next, Respondent denies waiving § 2255(e) as to Mr. Bourgeois's FDPA claim, even if it is possible to do so. There is no dispute that Respondent's pre-March 10 pleadings do not mention, let alone respond to, Mr. Bourgeois's FDPA claim. Dkt. 20 at 6 ("[T]he Respondent did not parse out a separate FDPA claim in its Return to Order to Show Cause."). Respondent instead alleges that Mr. Bourgeois himself conflated his FDPA and *Atkins* claims, inviting Respondent to treat them as a single claim, so Respondent's choice to do so was not waiver. *Id.* ("[T]he Respondent read [Mr.] Bourgeois's petition to merge his FDPA and *Atkins* claims as one claim implicating the same legal standards.").

To be sure, Mr. Bourgeois's FDPA and *Atkins* claims both rely on the same definition of "intellectually disabled." But as the Court noted in its order granting a stay of execution, Mr. Bourgeois "specifically argues both in his habeas petition and in his motion to stay that his FDPA claim can proceed under § 2241." Dkt. 17 at 5; *see*, *e.g.*, dkt. 1, ¶ 157 (making statutory and legislative history arguments for allowing FDPA claim to proceed under § 2241); dkt. 3 at 9 ("The FDPA requires such prospective relief to be available, providing as it does that '[a] sentence of death shall not be carried out upon a person who is mentally retarded.'" (quoting 18 U.S.C. § 3596(c))). These arguments are distinct from those Mr. Bourgeois made for allowing his *Atkins* claim to proceed in a § 2241 petition. And Respondent failed to address the FDPA claim even after Mr. Bourgeois highlighted the lack of response. *See* dkt. 11 at 9.

In short, Respondent has not shown manifest error in the Court's finding that Respondent waived § 2255(e) as to the FDPA claim.

3

**C. Respondent Likewise Waived Any *Teague* and "Abuse of the Writ" Arguments as to Mr. Bourgeois's FDPA Claim.**

Finally, Respondent argues that the Court erred in finding waiver of Respondent's *Teague* and "abuse of the writ" arguments. But as with § 2255(e), Respondent limited these arguments to Mr. Bourgeois's *Atkins* claim. *See* dkt. 10 at 78 ("[Mr.] Bourgeois' *Atkins* claim, which failed under § 2255, cannot merit consideration or relief in this Court. [Mr.] Bourgeois' attempt to circumvent § 2255(h) amounts to an invitation to abuse the writ under pre-AEDPA law."); *id.* at 79 ("*Teague* bars [Mr.] Bourgeois' reliance on *Moore* to revitalize his *Atkins* claim."). Indeed, as Mr. Bourgeois observes in his reply in support of his motion to stay, "the *Teague* rule applies to new rules of constitutional law only," not his statutory FDPA claim. Dkt. 11 at 44−45. Respondent therefore has not shown that the Court committed manifest error in deeming that Respondent waived these arguments along with any § 2255(e) argument as to Mr. Bourgeois's FDPA claim. *See* dkt. 18 at 6 ("[T]he Court deems any argument that Mr. Bourgeois's FDPA claim cannot proceed under § 2241 waived.").

**D. Respondent May Not Raise Objections For the First Time in a Surreply after the Motion to Stay Has Been Decided.**

Respondent finally challenges Mr. Bourgeois's FDPA claim—after the Court granted a stay of execution—in a motion for leave to file a surreply and an accompanying proposed surreply. Dkts. 20, 21. The proposed surreply does not address the merits of Mr. Bourgeois's FDPA claim; instead, it argues that § 2255(e) and the "abuse of the writ" doctrine prohibit Mr. Bourgeois from raising the claim in his § 2241 petition. The Court had already deemed those objections waived before Respondent raised them, dkt. 18 at 6, and Respondent has not shown that the Court's waiver conclusion rests on manifest error. Respondent may not file a surreply after the fact to circumvent the prior waivers.

### E.  Conclusion

Respondent's motion for leave to file a surreply, dkt. [20], is **denied**. Respondent's motion to reconsider the order staying execution, dkt. [22], is **denied**. A hearing on the merits of Mr. Bourgeois's claims will be set by separate order when the restrictions occasioned by the Covid-19 pandemic allow.

**IT IS SO ORDERED.**

Date: 5/27/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Victor Abreu
Federal Community Defender Office
victor_abreu@fd.org

Paula Camille Offenhauser
OFFICE OF THE UNITED STATES ATTORNEY
paula.offenhauser@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Katherine Thompson
Federal Community Defender Office
katherine_thompson@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org

# *** PUBLIC DOCKET ***

APPEAL,HABEAS

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00392-JMS-DLP

BOURGEOIS v. WARDEN et al
Assigned to: Judge Jane Magnus-Stinson
Referred to: Magistrate Judge Doris L. Pryor
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 08/15/2019
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**ALFRED BOURGEOIS**

represented by **Katherine Thompson**
Federal Community Defender Office
For the Eastern District of Pennsylvania

Capital Habeas Corpus Unit
Suite 545 West
The Curtis Center
Philadelphia, PA 19106
(215) 928-0520
Email: katherine_thompson@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter Konrad Williams**
Federal Community Defender Office
601 Walnut St.
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Email: pete_williams@fd.org
*ATTORNEY TO BE NOTICED*

**Victor Abreu**
Federal Community Defender Office
For the Eastern Dist. of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West
The Curtis Center
Philadelphia, PA 19106
(215) 928-0520

Email: victor_abreu@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**WARDEN**                          represented by   **Brian L. Reitz**
*USP Terre Haute*                                    UNITED STATES ATTORNEY'S
                                                     OFFICE (Indianapolis)
                                                     10 West Market Street
                                                     Suite 2100
                                                     Indianapolis, IN 46204
                                                     317-226-6333
                                                     Fax: 317-226-6125
                                                     Email: brian.reitz@usdoj.gov
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paula Camille Offenhauser**
                                                     OFFICE OF THE UNITED STATES
                                                     ATTORNEY
                                                     Southern District of Texas
                                                     1000 Louisiana, Suite 2300
                                                     Houston, TX 77002
                                                     713-567-9364
                                                     Fax: 713-718-3302
                                                     Email: paula.offenhauser@usdoj.gov
                                                     *ATTORNEY TO BE NOTICED*

**Respondent**

**UNITED STATES OF AMERICA**        represented by   **Brian L. Reitz**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Paula Camille Offenhauser**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/15/2019 | 1 | PETITION for Writ of Habeas Corpus , filed by ALFRED BOURGEOIS. (No fee paid with this filing) (Attachments: # 1 Appendix A-1, # 2 Appendix A-2, # 3 Appendix A-3, # 4 Appendix B, # 5 Civil Cover Sheet)(Williams, Peter) (Entered: 08/15/2019) |
| 08/15/2019 | 2 | MOTION to Proceed on Appeal in forma pauperis , filed by Plaintiff ALFRED BOURGEOIS. (Attachments: # 1 Exhibit Inmate Account Statement)(Williams, |

| | | |
|---|---|---|
| | | Peter) (Entered: 08/15/2019) |
| 08/15/2019 | 3 | MOTION to Stay *Execution*, filed by Plaintiff ALFRED BOURGEOIS. (Attachments: # 1 Appendix)(Williams, Peter) (Entered: 08/15/2019) |
| 08/15/2019 | 4 | NOTICE of Appearance by Peter Konrad Williams on behalf of Plaintiff ALFRED BOURGEOIS. (Williams, Peter) (Entered: 08/15/2019) |
| 08/22/2019 | 5 | ORDER TO SHOW CAUSE - Petitioner Alfred Bourgeois filed this habeas action pursuant to 28 U.S.C. § 2241 in which he challenges his death sentence and moves to stay his execution. This action will proceed as follows. The United States has already been notified of the filing of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It shall have through October 18, 2019, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by Mr. Bourgeois should not be granted. Mr. Bourgeois shall have through November 15, 2019, in which to reply. Petitioner's motion for leave to proceed in forma pauperis, dkt. 2 , is granted. (See Order.) Signed by Judge Jane Magnus-Stinson on 8/22/2019.(RSF) (Entered: 08/22/2019) |
| 08/22/2019 | 6 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Reitz, Brian) (Entered: 08/22/2019) |
| 08/22/2019 | 7 | NOTICE of Appearance by Paula Camille Offenhauser on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Offenhauser, Paula) (Entered: 08/22/2019) |
| 08/29/2019 | 8 | Order Requiring Periodic Updates Regarding Execution Protocol Litigation - Petitioner is party to ongoing litigation regarding the federal execution protocol in the United States District Court of the District of Columbia. Petitioner shall file a notice with the Court on September 30, 2019, and every ninety days thereafter setting forth the status of that litigation and how, if at all, it impacts any issues in this litigation. If Petitioner's execution date is stayed in that litigation, Petitioner shall have seven days from the date the stay is issued to file a notice with the Court informing it of the stay. Signed by Judge Jane Magnus-Stinson on 8/29/2019.(RSF) (Entered: 08/30/2019) |
| 09/30/2019 | 9 | NOTICE *Regarding Execution Protocol Litigation filed pursuant to Order at 8* , filed by Petitioner ALFRED BOURGEOIS (Williams, Peter) Modified on 9/30/2019 (RSF). (Entered: 09/30/2019) |
| 10/18/2019 | 10 | RETURN TO ORDER TO SHOW CAUSE, re 5 Order to Show Cause.. (Attachments: # 1 Appendix Attachment A, # 2 Appendix Attachment B, # 3 Appendix Attachment C, # 4 Appendix Attachment D)(Offenhauser, Paula) (Entered: 10/18/2019) |
| 11/15/2019 | 11 | *Reply in Support of 1 Petition for Writ of Habeas Corpus and 3 Motion for Stay of Execution*, filed by Petitioner ALFRED BOURGEOIS. (Attachments: # 1 Appendix Appendix A- Vol. II-Mental Health Reports and Declarations) (Williams, Peter) Modified on 11/15/2019 - created links to 1 and 3 (RSF). (Entered: 11/15/2019) |
| | | |

| 11/25/2019 | 12 | NOTICE *to the Court Regarding Preliminary Injunction*, filed by Petitioner ALFRED BOURGEOIS (Williams, Peter) (Entered: 11/25/2019) |
|---|---|---|
| 12/02/2019 | 13 | MOTION for Attorney(s) Victor Abreu to Appear pro hac vice (No fee paid with this filing), filed by Petitioner ALFRED BOURGEOIS. (Attachments: # 1 Cover Letter, # 2 Proposed Order, # 3 Envelope)(TMC) (Entered: 12/02/2019) |
| 12/02/2019 | 14 | MOTION for Attorney(s) Katherine Cleary Thompson to Appear pro hac vice (No fee paid with this filing), filed by Petitioner ALFRED BOURGEOIS. (Attachments: # 1 Cover Letter, # 2 Proposed Order, # 3 Envelope)(TMC) (Entered: 12/02/2019) |
| 12/10/2019 | 15 | ORDER - granting 13 Motion to Appear pro hac vice. Attorney Victor Abreu for ALFRED BOURGEOIS added. Applicant shall register for electronic filing, as required by Local Rule 5-3, within ten (10) days of the entry of this Order. Copy to Attorney Abreu via US Mail. Signed by Magistrate Judge Doris L. Pryor on 12/10/2019. (RSF) (Entered: 12/10/2019) |
| 12/10/2019 | 16 | ORDER - granting 14 Motion to Appear pro hac vice. Attorney Katherine Thompson for ALFRED BOURGEOIS added. Applicant shall register for electronic filing, as required by Local Rule 5-3, within ten (10) days of the entry of this Order. Copy to Attorney Thompson via US Mail. Signed by Magistrate Judge Doris L. Pryor on 12/10/2019. (RSF) (Entered: 12/10/2019) |
| 12/30/2019 | 17 | NOTICE *of Status of Lethal Injection Litigation*, filed by Petitioner ALFRED BOURGEOIS (Williams, Peter) (Entered: 12/30/2019) |
| 03/10/2020 | 18 | Order Staying Execution of Alfred Bourgeois - granting 3 Motion to Stay Execution. Mr. Bourgeois has established the factors necessary to obtain a stay of his execution pending resolution of this habeas action. Accordingly, Mr. Bourgeois's execution is stayed until further order of this Court. A separate order staying Mr. Bourgeoiss execution shall also issue. Respondent and Respondents counsel are responsible for ensuring that all actors who would have any involvement in Mr. Bourgeois's execution comply with the stay issued on this date, including the Warden of the United States Penitentiary in Terre Haute, Indiana, and the United States Marshal for this District. The Court must hold a hearing on the merits of Mr. Bourgeois's claims to determine whether they are ultimately meritorious. The hearing will be set by separate order. (See Order.) Signed by Judge Jane Magnus-Stinson on 3/10/2020. (RSF) (Entered: 03/10/2020) |
| 03/10/2020 | 19 | Order Staying Execution of Alfred Bourgeois - The Court concluded in an order issued on this date that Petitioner Alfred Bourgeois has demonstrated that he is entitled to a stay of his execution. Alfred Bourgeoiss execution is therefore stayed. The Warden of the United States Penitentiary in Terre Haute, Indiana and the United States of America are prohibited from executing Alfred Bourgeois unless and until the Court lifts the stay of execution. Signed by Judge Jane Magnus-Stinson on 3/10/2020.(RSF) (Entered: 03/10/2020) |
| 03/23/2020 | 20 | MOTION for Leave to File *Surreply to Petitioner's Reply*. (Offenhauser, Paula) (Entered: 03/23/2020) |

| 03/23/2020 | 21 | Surreply re 20 MOTION for Leave to File *Surreply to Petitioner's Reply* . (Offenhauser, Paula) (Entered: 03/23/2020) |
| 03/23/2020 | 22 | MOTION for Reconsideration re 18 Order on Motion to Stay, 19 Order . (Offenhauser, Paula) (Entered: 03/23/2020) |
| 03/24/2020 | 23 | Submission of Proposed Order , re 20 MOTION for Leave to File *Surreply to Petitioner's Reply*. (Offenhauser, Paula) (Entered: 03/24/2020) |
| 03/24/2020 | 24 | Submission of Proposed Order , re 22 MOTION for Reconsideration re 18 Order on Motion to Stay, 19 Order . (Offenhauser, Paula) (Entered: 03/24/2020) |
| 03/26/2020 | 25 | STATUS REPORT by ALFRED BOURGEOIS. (Williams, Peter) (Entered: 03/26/2020) |
| 04/02/2020 | 26 | Unopposed MOTION for Extension of Time to File Response to April 27, 2020 re 22 MOTION for Reconsideration re 18 Order on Motion to Stay, 19 Order , 20 MOTION for Leave to File *Surreply to Petitioner's Reply* , filed by Petitioner ALFRED BOURGEOIS. (Attachments: # 1 Text of Proposed Order) (Williams, Peter) (Entered: 04/02/2020) |
| 04/02/2020 | 27 | ORDER - granting 26 Motion for Extension of Time to File Response to 4/27/2020 re 22 MOTION for Reconsideration and re 18 Order on Motion to Stay, 19 Order , 20 MOTION for Leave to File *Surreply to Petitioner's Reply*. Signed by Judge Jane Magnus-Stinson on 4/2/2020. (RSF) (Entered: 04/02/2020) |
| 04/27/2020 | 28 | RESPONSE in Opposition re 22 MOTION for Reconsideration re 18 Order on Motion to Stay, 19 Order , 20 MOTION for Leave to File *Surreply to Petitioner's Reply* , filed by Petitioner ALFRED BOURGEOIS. (Williams, Peter) (Entered: 04/27/2020) |
| 05/27/2020 | 29 | Order Denying Respondent's Motion to Reconsider and Denying Respondent's Motion for Leave to File Surreply - Petitioner Alfred Bourgeois filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus alleging that the Eighth Amendment and the Federal Death Penalty Act (FDPA) both forbid his execution because he is intellectually disabled. On March 10, 2020, the Court granted a stay of Mr. Bourgeois's execution based, in part, on a finding that his FDPA claim has a strong likelihood of success. One basis for this finding was Respondent's waiver of any argument that 28 U.S.C. § 2255(e) bars the FDPA claim. Respondent's motion for leave to file a surreply, dkt. 20 , is denied. Respondent's motion to reconsider the order staying execution, dkt. 22 , is denied. A hearing on the merits of Mr. Bourgeois's claims will be set by separate order when the restrictions occasioned by the Covid-19 pandemic allow. (See Order.) Signed by Judge Jane Magnus-Stinson on 5/27/2020. (RSF) (Entered: 05/27/2020) |
| 05/28/2020 | 30 | NOTICE OF APPEAL as to 29 Order on Motion for Leave to FileOrder on Motion for Reconsideration, 18 Order on Motion to Stay, 19 Order. (No fee paid with this filing) (Offenhauser, Paula) (Entered: 05/28/2020) |

| 05/28/2020 | 31 | PARTIES' SHORT RECORD re 30 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (LBT) (Entered: 05/28/2020) |

**Case #: 2:19-cv-00392-JMS-DLP**