UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| ALFRED BOURGEOIS, | ) USCA No. 20-1891 |
| | ) |
| Petitioner-Appellee, | ) Appeal from the United States |
| | ) District Court for the Southern |
| v. | ) District of Indiana, |
| | ) Terre Haute Division |
| T.J. WATSON, WARDEN, and | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) USDC No. 2:19-cv-392-JMS-DLP |
| Respondents-Appellants. | ) Hon. Jane Magnus-Stinson, *Chief Judge*. |

## GOVERNMENT'S MOTION FOR
## EXPEDITED CONSIDERATION OF APPEAL

The United States respectfully requests that this Court expedite its consideration
of this appeal. In support of this motion, the government states the following:

### Background

1. This is an appeal from an order of the United States District Court for the
Southern District of Indiana granting Petitioner-Appellee Alfred Bourgeois a stay of
execution pending the disposition of his 28 U.S.C. § 2241 petition for a writ of habeas
corpus.

2. Following a jury trial in the Southern District of Texas, Bourgeois was
convicted of first-degree murder on federal property, in violation of 18 U.S.C. §§ 7 and
1111. The jury unanimously recommended that Bourgeois be sentenced to death. The
district court imposed that sentence, and the Fifth Circuit affirmed, *United States v.*

*Bourgeois*, 423 F.3d 501 (5th Cir. 2005). The Supreme Court denied certiorari. *Bourgeois v. United States*, 547 U.S. 1132 (2006).

3.    Subsequently, Bourgeois filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. He raised fourteen claims, including, as relevant here, that he cannot be executed pursuant to both *Atkins v. Virginia*, 536 U.S. 304 (2002), and the Federal Death Penalty Act ("FDPA"), 18 U.S.C. § 3596(c), because he is intellectually disabled.[1] The district court in the Southern District of Texas denied that motion and declined to issue a certificate of appealability ("COA"). *United States v. Bourgeois*, No. 02-cr-216, 2011 WL 1930684 (S.D. Tex. May 19, 2011) (unpublished). The Fifth Circuit also denied Bourgeois's application for a COA, *United States v. Bourgeois*, 537 F. App'x 604 (5th Cir. 2013) (per curiam) (unpublished), and the Supreme Court denied certiorari, *Bourgeois v. United States*, 574 U.S. 827 (2014).

4.    Thereafter, Bourgeois sought, and the Fifth Circuit denied, authorization to file a second or successive § 2255 motion. *See In re Bourgeois*, 902 F.3d 446 (2018); *see also* 28 U.S.C. § 2255(h) (requirements for authorization to file a second or successive § 2255 motion).

---

[1] In *Atkins*, the Supreme Court held that "the Constitution places a substantive restriction on the State's power to take the life of a mentally retarded offender." 526 U.S. at 321 (internal quotation marks omitted). The FDPA similarly provides that "[a] sentence of death shall not be carried out upon a person who is mentally retarded." 18 U.S.C. § 3596(c).

5. In July 2019, the government set January 13, 2020, as the date for Bourgeois's execution.

6. On August 15, 2019, Bourgeois, who is incarcerated in Terre Haute, Indiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana. In that petition, Bourgeois argued that he is intellectually disabled, pursuant to both *Atkins*, 546 U.S. 304, and the FDPA. Bourgeois also sought a stay of execution on this basis.

7. While Bourgeois's stay motion remained pending in the Southern District of Indiana, the district court presiding over the execution-protocol litigation in the District of Columbia preliminarily enjoined the government from executing Bourgeois and other plaintiffs in that action. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-145, 2019 WL 6691814 (D.D.C. Nov. 20, 2019). The government expeditiously appealed that order, and the Supreme Court stated that it "expect[ed] that the [D.C. Circuit would] render its decision with appropriate dispatch." *Barr v. Roane*, 140 S. Ct. 353, 353 (2019).

8. The district court below subsequently entered an order granting Bourgeois's stay on March 10, 2020. The government moved for reconsideration of that order on March 23, 2020, and the district court denied that motion on May 27, 2020.

9. The following day, the government filed a timely notice of appeal in this case, triggering the expedited briefing schedule provided by 7th Cir. R. 22(c)(1)(B). In

3

accordance with this schedule, the government files its brief contemporaneously with this motion; Bourgeois's brief is due on July 16, 2020; and the government's reply is due on July 23, 2020.

10. On June 12, 2020, after the government filed its notice of appeal, the D.C. Circuit issued its mandate in *In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020), which vacated the preliminary injunction that had been entered in the execution-protocol litigation. The plaintiffs in the execution-protocol litigation have petitioned for certiorari, and the Supreme Court has granted their motion for expedited consideration of the petition. *See Roane v. Barr*, No. 19-1348 (S. Ct.).

11. On June 15, 2020, the government announced new execution dates, in July and August 2020, for four of Bourgeois's co-plaintiffs in the execution-protocol litigation. *See* Executions Scheduled for Four Federal Inmates Convicted of Murdering Children, https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children (last visited June 24, 2020).

## Discussion

12. Following the issuance of the D.C. Circuit's mandate in the execution protocol litigation, the district court's stay order in this case is the only impediment to the government implementing the judgment of the United States District Court for the Southern District of Texas. As the procedural history of this case indicates, courts have thoroughly reviewed that judgment and found no error. Moreover, as detailed in the

4

government's opening brief, Bourgeois's new habeas petition is procedurally and substantively meritless, and the district court erred in granting a stay.

13. The government therefore respectfully requests that the Court decide this case with "appropriate dispatch." *Roane*, 140 S. Ct. at 353. The government recognizes that this Court's rules already provide for expedited consideration of a case in these circumstances. *See, e.g.*, 7th Cir. R. 22(c)(1)(B) (providing expedited briefing schedule); (d)(2) (providing for expeditious oral argument); (e)(1) ("The panel's decision shall be made without undue delay."). Consistent with these rules, and given that the government has already set execution dates for similarly situated defendants in July and August 2020, the government requests that this Court hold oral argument, if necessary,[2] shortly after the reply brief is filed and issue its decision as soon as possible thereafter.

14. An expeditious decision in this case will advance important public interests. Specifically, the Supreme Court has emphasized that "[b]oth the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (internal quotation marks omitted). "Only with an assurance of real finality can the [government] execute its moral judgment in a case" and "the victims of crime move forward knowing the moral judgment will be carried out." *Calderon v. Thompson*, 523 U.S. 538, 556 (1998).

---

[2] While the government is prepared to present oral argument if it would be helpful to the Court, it does not request it insofar as it could delay this Court's decision.

For these reasons, the government respectfully requests that this Court expedite its consideration of this appeal.

Respectfully submitted,

JOSH J. MINKLER
    United States Attorney
    Southern District of Indiana

BRIAN A. BENCZKOWSKI
    Assistant Attorney General

s/Christopher J. Smith
CHRISTOPHER J. SMITH

PAULA C. OFFENHAUSER
    Assistant United States Attorney
    Southern District of Texas

    Attorney
    Appellate Section
    Criminal Division
    United States Department of Justice
    950 Pennsylvania Ave., NW
    Washington, DC 20530
    (202) 532-4154
    Christopher.J.Smith@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the following:

Victor J. Abreu
Katherine Thompson
Peter K. Williams
Office of the Federal Public Defender
*Attorneys for Alfred Bourgeois*

s/Christopher J. Smith
CHRISTOPHER J. SMITH
  Attorney, Appellate Section
  Criminal Division
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, DC 20530
  (202) 532-4154
  Christopher.J.Smith@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1.      This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1112 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B) & 32(f).

2.      This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (a)(6) because it has been prepared in a proportionally spaced 14-point font in text and footnotes using Microsoft Word for Office 365.

3.      This motion complies with the privacy redaction requirement of Fed. R. App. P. 25(a) because it contains no personal data identifiers.

4.      This motion has been scanned for viruses with the most recent version of McAfee Endpoint Security, version 10.7, which is continuously updated and, according to that program, is free of viruses.

s/Christopher J. Smith
CHRISTOPHER J. SMITH
   Attorney, Appellate Section
   Criminal Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, DC 20530
   (202) 532-4154
   Christopher.J.Smith@usdoj.gov
