_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ALFRED BOURGEOIS,
*PETITIONER-APPELLEE,*

v.

SUPERINTENDENT,
USP—TERRE HAUTE,
UNITED STATES OF AMERICA,
*RESPONDENTS-APPELLANTS.*

---

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:19–cv–00392, Hon. Jane Magnus-Stinson, Chief J.

**PETITIONER-APPELLEE'S MOTION FOR
LEAVE TO FILE SURREPLY BRIEF *INSTANTER***

Petitioner-Appellee Alfred Bourgeois respectfully requests leave to file, *instanter*, a surreply brief regarding the Government's assertion, for the first time in its reply brief, that Bourgeois's claim for relief under the Federal Death Penalty Act ("FDPA") is barred by *Teague v. Lane*, 489 U.S. 288 (1989). A copy of the proposed brief is attached to this motion. In support of this request, Bourgeois states as follows:

1.      In its order staying Bourgeois's execution pending resolution of his claim that the execution is barred by the FDPA, the district court held that the

Government waived any challenge to the cognizability of the claim under 28 U.S.C. § 2241. *See* GA5–6.[1] The Government subsequently sought to undo its waiver before the district court, *see* PA369–408, but the court denied consideration of the newly-asserted arguments, *see* GA16–20. In its opening brief on appeal, the Government again raised the waived arguments belatedly asserted below, as well as a series of new arguments never presented to the district court. *See* PB18–19. Following Bourgeois's response, the Government filed a reply brief, once again raising a new argument not presented in any of its prior pleadings, namely: that Bourgeois's FDPA claim is barred by *Teague v. Lane*. GR12–13. The Government raised a *Teague* defense to Bourgeois's Eighth Amendment claim in its response below, but did not do so in relation to the FDPA claim. The district court correctly held that the arguments made in the Government's response failed to address the cognizability of Bourgeois's FDPA claim, which is the only claim at issue in this appeal. See GA19.

 2. Bourgeois's proposed surreply, which is the first opportunity he has to respond to the Government's newly-asserted *Teague* defense, is limited to that purpose.

---

[1] "GA" refers to the Government's appendix, filed together with the Government's opening brief ("GB") on June 25, 2020. "PA" refers to Petitioner's appendix, filed with Petitioner's response brief ("PB") on July 16, 2020. "GR" refers to the Government's reply brief, filed on July 23, 2020.

3. Federal Rule of Appellate Procedure 28(c) envisions that this Court may give permission for the filing of a surreply, and the Court has previously recognized that option. *See Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 n.5 (7th Cir. 2001). Furthermore, although waiver alone disposes of the Government's newly-asserted argument, *see Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir. 1990), the presentation of "new arguments in a reply brief" is a "valid reaso[n]" to allow the filing of a surreply by the opposing party, *see Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011) (per curiam).

Wherefore, it is respectfully requested that this Honorable Court grant leave for the filing of the attached surreply brief.

Respectfully submitted,

/s/ *Peter Williams*
Peter Williams
  *Counsel of Record*
Victor J. Abreu
Katherine Thompson
Assistant Federal Defenders
Federal Community Defender Office for
    the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215–928–0520

Dated: July 30, 2020

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on July 30, 2020, I electronically filed the foregoing with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Peter Williams*
Peter Williams