No. 20–1891

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ALFRED BOURGEOIS,
*PETITIONER-APPELLEE,*

v.

SUPERINTENDENT,
USP—TERRE HAUTE,
UNITED STATES OF AMERICA,
*RESPONDENTS-APPELLANTS.*

_____

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:19–cv–00392, Hon. Jane Magnus-Stinson, Chief J.

**PETITIONER-APPELLEE'S SURREPLY BRIEF**

**<u>THIS IS A DEATH PENALTY CASE</u>**

Peter Williams
   *Counsel of Record*
Victor J. Abreu
Katherine Thompson
Assistant Federal Defenders
Federal Community Defender Office for
   the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215–928–0520

*Counsel for Petitioner-Appellee Alfred Bourgeois*

Dated: July 30, 2020

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

CONCLUSION ......................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Danforth v. Minnesota*, 552 U.S. 264 (2008) ...................................................................3

*Judge v. Quinn*, 624 F.3d 352 (7th Cir. 2010) ...............................................................2

*Moore v. Texas*, 137 S. Ct. 1039 (2017) ........................................................... 1, 2, 4

*Moore v. Texas*, 139 S. Ct. 666 (2019) ............................................................. 1, 2, 4

*Schiro v. Farley*, 510 U.S. 222 (1994) ...........................................................................2

*Teague v. Lane*, 489 U.S. 288 (1989) .............................................................. 1, 2, 3, 4

**Statutes**

18 U.S.C. § 3596(c) .......................................................................................................1, 4

28 U.S.C. § 2241 ...........................................................................................................1, 3

# INTRODUCTION

Petitioner-Appellee Alfred Bourgeois obtained a stay of execution based on his claim, raised in a petition for relief under 28 U.S.C. § 2241, that the Federal Death Penalty Act ("FDPA") prohibits the execution of his death sentence because he is intellectually disabled under current diagnostic standards. *See* 18 U.S.C. § 3596(c) ("A sentence of death shall not be carried out upon a person who is mentally retarded."). In its opening brief on appeal of the stay order, the Government argued that Bourgeois's petition is an abuse of the writ, relying entirely on precedent from this Court holding that a habeas petitioner cannot relitigate a claim absent some change in the law or facts that occurred after his initial collateral review. GB34–35.[1] In response, Bourgeois distinguished his claim on the ground that it is premised, in part, on changes in the law that post-date his initial proceedings under 28 U.S.C. § 2255, citing *Moore v. Texas*, 137 S. Ct. 1039 (2017) ("*Moore–I*") and *Moore v. Texas*, 139 S. Ct. 666 (2019) ("*Moore–II*"). PB50–51. The Government replied by arguing, for the first time in any pleading, that the principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989), bar Bourgeois from relying on *Moore–I* and *–II* in support of his FDPA claim. *See* GR12–13. The

---

[1] "GB" refers to the Government's opening brief, filed on June 25, 2020. "GA" refers to the Government's appendix, also filed on June 25, 2020. "PA" refers to Petitioner's appendix, filed with Petitioner's response brief ("PB") on July 16, 2020. "GR" refers to the Government's reply brief, filed on July 23, 2020.

Government raised a *Teague* defense to Bourgeois's Eighth Amendment claim in its response below, but failed to do so in relation to the FDPA claim. The district court correctly held that the arguments made in the Government's response failed to address the cognizability of Bourgeois's FDPA claim, which is the only claim at issue in this appeal. *See* GA19. None of the Government's other pleadings in the district court, including those in which it belatedly attempted to challenge the cognizability of the FDPA claim, raise a *Teague* defense to the FDPA claim. *See* PA369–408.

## ARGUMENT

The Government's newly-asserted *Teague* defense has no bearing on the issues under review in this appeal because: (i) the Government has waived the argument as to Bourgeois's FDPA claim; and (ii) even if this Court considers the waived defense, the *Teague* doctrine cannot bar Bourgeois from relying on *Moore–I* and *–II* to support his FDPA claim.

First, the argument is waived. *Teague* is a non-jurisdictional defense that can be waived, either expressly or by neglect. *See, e.g.*, *Schiro v. Farley*, 510 U.S. 222, 228–29 (1994). Here, the Government failed to raise *Teague* to challenge Petitioner's FDPA claim below, and it failed to raise *Teague* in its opening brief on appeal. This Court has consistently declined to entertain arguments under both of these scenarios. *See, e.g.*, *Judge v. Quinn*, 624 F.3d 352, 360 (7th Cir. 2010) ("This

2

court will not overturn an injunction based on an argument not presented to the district court."); *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir. 1990) ("All arguments for reversal must appear in the opening brief, so that the appellee may address them. We have consistently refused to consider arguments withheld until the reply brief."). It should do the same here.

Second, even if this Court were to consider the waived defense, *Teague* cannot bar Bourgeois from relying on *Moore–I* and *–II* to support his FDPA claim. As an initial matter, the *Teague* doctrine is a judge-made, prudential doctrine animated by "interests of comity and finality." *Teague*, 489 U.S. at 308; *see also Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (stating that "*Teague* is plainly grounded" in the authority of federal courts "to adjust the scope of the writ in accordance with equitable and prudential considerations"). Neither of these concerns is implicated by Bourgeois's claim that he may challenge the execution of his sentence under § 2241, which is an argument that rests on federal statutory law prohibiting the Government from carrying out an execution on an individual who is intellectually disabled at the time of that execution.

Moreover, the *Teague* doctrine was announced well before the passage of the FDPA, and the Government offers no support for its implicit argument that a judge-made procedural rule may override a federal statute. The language of the FDPA—which states that an execution "shall not be carried out" against a person

who "is" intellectually disabled—necessarily calls for an inquiry governed by legal and diagnostic standards applicable at the time of the execution. The district court recognized as much in its stay order, *see* GA7 n.4, and the Government has never challenged that finding or otherwise argued to the contrary. Hence, *Teague* cannot bar Bourgeois from relying on *Moore–I* and *–II* to establish that, under the medical community's diagnostic standards, he is intellectually disabled and categorically exempt from execution. Nor does *Teague* bar Bourgeois from defending against the Government's abuse-of-the-writ argument on the ground that his statutory claim relies on changes in the law that postdate his initial collateral proceedings.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the response brief, this Court should affirm the district court's stay of execution and its denial of the Government's motion for reconsideration.

Respectfully submitted,

/s/ *Peter Williams*
Peter Williams
   *Counsel of Record*
Victor J. Abreu
Katherine Thompson
Assistant Federal Defenders
Federal Community Defender Office for
   the Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215–928–0520

Dated: July 30, 2020

4

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 28.1(e) and Seventh Circuit Rule 32(c) because it contains 848 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5),the type style requirements of Fed. R. App. P. 32(a)(6), and Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman.

/s/ *Peter Williams*
Peter Williams

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on July 30, 2020, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. I further certify that I will cause 15 paper copies of the brief to be received by the Clerk within seven days of the Notice of Docket Activity generated upon acceptance of the brief, in compliance with Seventh Circuit Rule 31(b) and ECF Procedure (h)(2).

Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Peter Williams*
Peter Williams