# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## *Capital Habeas Unit*

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

**LEIGH M. SKIPPER**
CHIEF FEDERAL DEFENDER

PHONE NUMBER (215) 928-0520
FAX NUMBER    (215) 928-0826
FAX NUMBER    (215) 928-3508

**HELEN A. MARINO**
FIRST ASSISTANT FEDERAL
DEFENDER

September 25, 2020

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Chicago, IL 60604

**Re:** ***Bourgeois v. Watson, et. al.*, Case No. 20-1891**

Dear Clerk of Court:

This letter is submitted pursuant to Fed. R. App. P. 28(j).

On September 22, 2020, this Court issued an opinion in *Webster v. Watson*, No. 19-2020, which upheld the district court's conclusion in 28 U.S.C. § 2241 proceedings that Webster was intellectually disabled. *See Webster v. Watson*, --- F.3d ---, 2020 WL 5638691 (7th Cir. Sept. 22, 2020).

Citing *Moore v. Texas*, 137 S. Ct. 1039 (2017) ("*Moore-I*"), the Court determined that the "proper criteria for finding intellectual disability" were the current diagnostic standards issued by the American Association on Intellectual and Developmental Disabilities ("AAIDD") and American Psychiatric Association. *Id.* at *14.

In its analysis of the diagnostic standards as they related to adaptive behavior, the Court made several rulings that parallel Mr. Bourgeois's arguments in this case. The *Webster* Court recognized that the AAIDD "emphasizes that demonstrating strengths in one area does not preclude a finding of intellectual disability," and "explain[s] that 'significant limitations in conceptual, social, or practical adaptive skills [are] not outweighed by the potential strengths in some adaptive skills.'" *Id.* (quoting the 2010 11th edition of the AAIDD's manual at 47). The

Court further noted that, consistent with the AAIDD's directive, *Moore-I* similarly held that "'the medical community focuses the adaptive functioning inquiry on adaptive *deficits*,'" rather than strengths. *Webster*, *supra*, at *14 (quoting *Moore-I* at 1050)). Finally, the Court explained that the diagnostic standards "emphasize that adaptive skills are best measured not within the structured prison environment," but within the community. *Webster*, *supra*, at *15.

As set forth in Petitioner/Appellee's brief, the denial of his intellectual disability claim in 28 U.S.C. § 2255 proceedings employed analyses that have since been rejected by current legal and diagnostic standards. The § 2255 court's invalid analyses included, inter alia, the rejection of diagnostic standards in favor of unscientific "legal" ones, reliance on purported strengths to rule out intellectual disability, weighing those strengths against deficits, and reliance on prison functioning. *See* Doc. 19 (Petitioner/Appellee's Brief) at 28-38.

This Court's most recent *Webster* opinion reinforces that the § 2255 court's determinations were invalid under current legal and diagnostic standards.

Respectfully submitted,


/s/Peter Williams
Peter Williams, Counsel of Record
Victor Abreu
Katherine Thompson
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

**CERTIFICATE OF SERVICE**

I, Peter Williams, hereby certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Peter Williams*
Peter Williams