

*Appellate Section* — *Washington, D.C.  20530*

September 28, 2020

The Honorable Christopher G. Conway
Clerk, United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

> **Re: *Alfred Bourgeois v. T.J. Watson et al.*, No. 20-1891**
> **Response to Citation of Supplemental Authority by Alfred Bourgeois,**
> **Filed Pursuant to Federal Rule of Appellate Procedure 28(j)**

Dear Mr. Conway:

This letter responds to defendant Alfred Bourgeois's submission of *Webster v. Watson*, \_\_\_ F.3d \_\_\_, 2020 WL 5638691 (7th Cir. Sept. 22, 2020) ("*Webster II*"), as supplemental authority to support his intellectual-disability claim. For a number of reasons, *Webster II* does not advance Bourgeois's arguments.

*First*, this Court allowed Webster to advance his intellectual-disability claim in a 28 U.S.C. § 2241 habeas petition because Webster had presented newly discovered evidence that "existed before the time of the trial" and was unavailable "despite diligence on the part of the defense." *Webster v. Daniels*, 784 F.3d 1123, 1140 (7th Cir. 2015) (en banc) (emphasis omitted); *see also Webster II*, 2020 WL 5638691, at *1; Gov't Br. 23-34. By contrast, Bourgeois's intellectual-disability claim relies on the same evidence presented in his prior 28 U.S.C. § 2255 motion. *See* Gov't Br. 26-27.

*Second*, even putting aside this dispositive difference, Webster's evidence fundamentally differs from the evidence Bourgeois has presented. The Court emphasized that "every one of Webster's nine I.Q. scores over 27 years falls below 75—with many falling well below that number." *See Webster II*, 2020 WL 5638691, at *15. By contrast, Bourgeois presented two borderline IQ scores post-dating his crime, and the district court in the Southern District of Texas ("Texas district court") found that Bourgeois had not put forth his full effort on the tests. App. 89-93. That court also found, after extensive analysis and creditability determinations, that

Bourgeois did not meet the other two prongs of the intellectual-disability test. *See* Gov't Br. 42-45.

*Third*, while Bourgeois emphasizes this Court's reliance in *Webster II* on the 11th edition of the AAIDD manual, this is the exact same manual that the Texas district court applied in analyzing and rejecting Bourgeois's claim. *See* App. 79-82 nn.27, 29. Bourgeois's arguments that the Texas district court misapplied the intellectual-disability criteria are meritless. *See* Gov't Reply 19-25.

For all the reasons previously detailed in its briefs, the government respectfully requests that this Court expeditiously lift the stay of execution so that the Texas district court's lawful judgment may be implemented without further delay.

Respectfully submitted,

BRIAN C. RABBITT
Acting Assistant Attorney General

ROBERT A. ZINK
Acting Deputy Assistant
Attorney General

/s/ Christopher J. Smith
CHRISTOPHER J. SMITH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.,
Room 1264
Washington, DC 20530
(202) 532-4154
Christopher.J.Smith@usdoj.gov

# CERTIFICATE OF SERVICE

The undersigned counsel of record certifies that the foregoing was this day

served upon all counsel of record, by notice of electronic filing with the 7th Circuit

CM/ECF system.

DATED:        September 28, 2020

<div style="margin-left: 50%;">

s/ Christopher J Smith
CHRISTOPHER J. SMITH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 1264
Washington, DC 20530
(202) 532-4154
Christopher.J.Smith@usdoj.gov

</div>