

**U.S. Department of Justice**

Criminal Division

*Appellate Section*                                          *Washington, D.C.  20530*

November 20, 2020

The Honorable Christopher G. Conway
Clerk, United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

> **Re:** *Alfred Bourgeois v. T.J. Watson et al.*, **No. 20-1891**
> **Panel Opinion Issued Oct. 6, 2020 (Kanne, Hamilton, St. Eve, JJ.)**
> **Letter Correspondence to the Court**

Dear Mr. Conway:

Petitioner-Appellee Alfred Bourgeois was convicted of murdering his two-year-old daughter and sentenced to death by the U.S. District Court for the Southern District of Texas more than sixteen years ago. The Fifth Circuit has affirmed Bourgeois's conviction and sentence on direct appeal and on collateral review under 28 U.S.C. § 2255, and the Supreme Court twice denied certiorari.

In July 2019, the government set Bourgeois's execution for January 13, 2020. On August 15, 2019, Bourgeois filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana, accompanied by a motion to stay his execution, claiming, as relevant here, that the government could not carry out the execution because he is intellectually disabled. Bourgeois's execution did not proceed as initially scheduled because on November 20, 2019, the district court presiding over execution-protocol litigation in the District of the District of Columbia preliminarily enjoined the government from executing Bourgeois and other plaintiffs in that action. *See* Gov't Br. 3 n.3. On March 10, 2020, while that stay was in effect, the Indiana district court granted Bourgeois's motion and issued another stay, concluding that Bourgeois was likely to succeed on his intellectual-disability claim. After the D.C. Circuit vacated the execution-protocol-litigation injunction, *see id.*, the Indiana district court's stay order became the sole legal impediment to the implementation of Bourgeois's sentence. The district court denied the government's motion for reconsideration, and this appeal of its stay order followed.

On October 6, 2020, the panel reversed the district court's determination that Bourgeois is likely to succeed on the merits and remanded with instructions for the district court to deny Bourgeois's stay motion and dismiss Bourgeois's § 2241 petition. Slip op. 32. In response to the government's request at argument that the panel consider issuing the mandate forthwith, the panel shortened the time for Bourgeois to petition for rehearing to seven days. *Id.* Bourgeois filed a petition for rehearing en banc on October 13, 2020. Two weeks later, on October 27, 2020, the Court requested that the government respond to Bourgeois's petition. The government filed its response three days later, on October 30, 2020. In its response, the government noted that Bourgeois is the only of the five death-row inmates—each of whom was convicted of murdering one or more children—who had an execution date announced in July 2019 but has not yet been executed. Resp. 15. Given the importance of timely implementing the sentence, government requested that the Court expeditiously rule on Bourgeois's petition within fourteen days, if possible. *Id.* at 1. Bourgeois's petition remains pending before the Court.

I have recently been informed that the Federal Bureau of Prisons has rescheduled Bourgeois's execution date for December 11, 2020, and write to notify the Court of that development. *See Attachment.* Rescheduling the execution for that date is consistent with the government's position that implementation of a lawful sentence postponed by a stay should be rescheduled as promptly as possible. To be clear, the Bureau of Prisons will not conduct the execution if the stay entered by the district court remains in place. But given the amount of time that has already elapsed—the stay was entered more than eight months ago, and Bourgeois's initial execution date passed over ten months ago after being announced nearly sixteen months ago—the government determined after careful consideration that announcing a rescheduled date was appropriate.

With a rescheduled execution date three weeks away, the government respectfully reiterates its request that this Court deny Bourgeois's petition for rehearing en banc and issue the mandate as soon as possible. *Cf. United States v. Purkey*, No. 20A4, 2020 WL 3988688 (U.S. July 15, 2020).

Respectfully submitted,

BRIAN C. RABBITT
Acting Assistant Attorney General

ROBERT A. ZINK
Acting Deputy Assistant
Attorney General

/s/ Christopher J. Smith
CHRISTOPHER J. SMITH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.,
Room 1264
Washington, DC 20530
(202) 532-4154
Christopher.J.Smith@usdoj.gov

# CERTIFICATE OF SERVICE

The undersigned counsel of record certifies that the foregoing was this day served upon all counsel of record, by notice of electronic filing with the 7th Circuit CM/ECF system.

DATED:      November 20, 2020

s/ Christopher J Smith
CHRISTOPHER J. SMITH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 1264
Washington, DC 20530
(202) 532-4154
Christopher.J.Smith@usdoj.gov

_Office of the Director_                           _Washington, DC 20534_

November 20, 2020

MEMORANDUM FOR T.J. WATSON, WARDEN
                FEDERAL CORRECTIONAL COMPLEX
                TERRE HAUTE, INDIANA

FROM:        M.D. Carvajal
             Director

SUBJECT:     Setting Execution Date

Inmate Alfred Bourgeois, Register Number 98911-079, was scheduled for execution on January 13, 2020. That date has passed due to pending litigation which has now resolved. The purpose of this memorandum is to schedule a new date for the execution of inmate Bourgeois. The sentence of death for inmate Bourgeois will be carried out at the United States Penitentiary in Terre Haute, Indiana, on December 11, 2020.

Please provide inmate Bourgeois notice of the execution date.


cc:  The Honorable William P. Barr
     Attorney General

     The Honorable Jeffrey A. Rosen
     Deputy Attorney General

     The Honorable Donald W. Washington
     Director, United States Marshals Service

     Jessica E. Hart
     Director, Office for Victims of Crime

     Brian C. Rabbitt
     Acting Assistant Attorney General, Criminal Division

Rosalind Sargent-Burns
Acting Pardon Attorney

Richard E. Burns
Chief, Capital Case Section

Ken Hyle
Assistant Director/General Counsel

Andre Matevousian
Assistant Director, Correctional Programs Division

Barb von Blanckensee
Regional Director, North Central Region